**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rachel Schramka,<br><br>Plaintiff,<br><br>v.<br><br>Unitek Learning Education Group Corporation,<br><br>Defendant. | No. CV-26-06552-PHX-DWL<br><br>**ORDER** |

On September 14, 2026, Plaintiff filed the complaint. (Doc. 1.)

On October 21, 2026, Plaintiff served process on Defendant. (Doc. 7.)

On November 10, 2026, Defendant filed a motion to extend the deadline to respond to the complaint. (Doc. 8.) The motion indicated that Defendant requested an 18-day extension "to investigate the allegations and prepare its response, and to accommodate the intervening Thanksgiving holiday." (*Id.* at 2.) The motion emphasized that the case is "at the earliest stage of the litigation" and that a "short extension will not cause undue prejudice to any party and will promote an orderly and complete response to the Complaint." (*Id.*) Defendant further indicated that Plaintiff did not consent to the 18-day extension:

> Plaintiff declined to agree to the extension unconditionally. Instead, Plaintiff's counsel stated that Plaintiff would agree only if Defendant intends to answer the Complaint; that Plaintiff would not agree to any extension if Defendant intends to move under Rule 12(b)(2); and that Plaintiff would require a conference before agreeing to any extension if Defendant intends to move under Rule 12(b)(6). Plaintiff thus made his agreement turn not on the length of the extension or any prejudice, but on the type of response Defendant elects to file.

> That condition is not a proper basis to withhold agreement to a routine first extension. The manner in which Defendant responds to the Complaint, whether by answer or by motion under Rule 12, is Defendant's prerogative under the Federal Rules, and the Rules expressly permit a defendant to respond by motion in lieu of an answer. Whether good cause and the absence of prejudice support a brief extension does not depend on which of those permitted responses Defendant ultimately files. Plaintiff should not be able to leverage Defendant's need for a short extension into a forfeiture of Defendant's response options, and Defendant does not, by seeking this extension, waive or limit any defense or any response available to it under Rule 12 or otherwise. Because Plaintiff would not agree to the extension except on that improper condition, Defendant brings the request to the Court.

(*Id.* at 2-3.) Defendant requested expedited consideration because the deadline was "imminent" (the motion was filed two days before the deadline) and Defendant hoped that the parties would not need to "expend resources addressing a potentially missed deadline while the Motion is pending." (*Id.* at 1.)

On November 12, 2026, the Court granted Defendant's motion. (Doc. 10.) The Court "reminded" Plaintiff that the "professionalism that is expected of attorneys" includes "the professional courtesy of agreeing to reasonable requests to extend deadlines," *Martin v. Pizza*, 2022 WL 4000640, *2 (D. Nev. 2022), and stated that "[c]onditioning agreement on the forfeiture of Defendant's response options is not appropriate." (*Id.*)

Later that day, Plaintiff filed a motion for reconsideration of the Court's order granting Defendant an 18-day extension of the deadline to respond to the complaint. (Doc. 11.) Plaintiff acknowledges that motions for reconsideration "are disfavored," that "FRCP 6(b)(1)(A) allows the Court to extend the time with or without motion or notice," and that the "good cause" standard for extending a deadline before it expires "is a low bar," but nevertheless asserts that Defendant has not been "diligent" and is not "entitled to sit on its hands and then demand a comfortable cushion of time to tee up a meticulously crafted motion to dismiss." (*Id.* at 1-2.) Plaintiff outlines the following "history," much of which predates this action: (1) Plaintiff submitted a demand letter to Defendant in January 2025; (2) Defendant submitted a position statement to the EEOC in October 2025; (3) Plaintiff sent Defendant a draft complaint in July 2026 and Defendant "refused to engage in any settlement discussions; (4) Plaintiff sought waiver of service in September 2026; (5)

Defendant's counsel of record notified Plaintiff of representation on October 26, 2026, five days after service of process; and (6) on November 5, 2026, defense counsel requested an extension of the response deadline. (*Id.*) Plaintiff argues that an 18-day delay caused by granting Defendant's first request for an extension of the response deadline would "prejudice Plaintiff and the Court's calendar" and appears to imply that because Defendant's motion to dismiss in a different action (*Stepp v. Unitek*, 2:25-cv01347-KML) was unsuccessful, filing such a motion in this action would be a waste of time. (*Id.* at 2.) Plaintiff does not deny that she conditioned her consent to an extension on filing an answer in lieu of a motion to dismiss but emphasizes that she "suggested that the parties confer." (*Id.* at 3.) Plaintiff attaches a portion of the parties' correspondence—Plaintiff's counsel's response to defense counsel's request for an extension—which states as follows:

> Your client had notice of the lawsuit on September 16th (almost two months ago) and was given 30 days to waive service.
>
> Does Defendant intend to file a 12(b)(2)? If so, we will not agree to an extension because we do not believe there are good-faith grounds and any grounds can be cured by amendment.
>
> If Defendant intends to file a 12(b)(6), then I suggest we confer on the same before discussing an extension.
>
> If Defendant intends to Answer the Complaint, then we can agree to your proposed extension. The 30th is a bit excessive given we are already 60 days from filing but we will agree in light of the holiday as a professional courtesy and in anticipation of Defendants extending the same courtesy when it comes to the close of fact discovery in the proposed scheduling order.

(Doc. 11-1.)

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

"Manifest error" is quite a high bar. "Good cause" under Rule 6(b)(1)(A), on the other hand, is quite a low bar, particularly as applied to first-time requests for a modest

extension of the deadline to initially respond to the complaint. The fact that counsel had just been retained is sufficient to provide good cause. *Martin*, 2022 WL 4000640 at *1 ("recently being hired" is "a good reason" for an extension request because the "need to get caught up on a case" is "a reality of the legal profession, not an indication of irresponsibility"). Furthermore, there is a "general principle that reasonable requests for initial extensions should be granted, absent extenuating circumstances." *White v. Luna*, 2024 WL 3973036, *2 (C.D. Cal. 2024). "[S]hort extensions at this stage of the litigation are routinely sought and granted. Agreeing to reasonable extension requests is a basic civility in litigation." *Lyons v. Aldecocea*, 2024 WL 3045306, *1 (D. Ariz. 2024). The "history" outlined by Plaintiff is irrelevant to the extent it predates the filing of this action, and at any rate, this action is in its infancy and process was served only a few weeks ago. Plaintiff's belief that there are no grounds for a certain kind of defense motion can affect how to respond to such a motion but should not affect whether to agree to a deadline extension.

Furthermore, the flat assertion that an 18-day delay will prejudice Plaintiff and the court's calendar is absurd. *See, e.g.*, *Wolfson v. Bayview Loan Servicing LLC*, 2019 WL 4259786, *4 (D. Ariz. 2019) ("Defendants didn't articulate any reasons why a one-month extension would be prejudicial to them."). "Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010).

Conditioning agreement to an extension—let alone a modest 18-day, first-time extension that falls around the Thanksgiving holiday—on forfeiting litigation options is gamesmanship that the Court will not countenance. *See, e.g.*, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 n.2 (9th Cir. 2000) ("[A]t the risk of sounding naive or nostalgic, we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 11) is **denied**.

Dated this 13th day of November, 2026.

Dominic W. Lanza
United States District Judge